UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| CHARLES EDWARD ROBINSON, JR., | ) | |
| Movant | ) ) ) | |
| v. | ) ) | Civil No. 05-119-B-W |
| UNITED STATES OF AMERICA, | ) ) | Criminal No. 96-58-B-W |
| Respondent | ) ) | |

## ORDER GRANTING MOTION TO CONVERT AND RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION

On February 20, 1997, Charles Edward Robinson was sentenced in this court for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Robinson's conviction and sentence were affirmed by the First Circuit Court, with the mandate received by this court on October 17, 1997. Robinson did not file a 28 U.S.C. § 2255 motion on the heels of this determination. On April 4, 2005, Robinson filed a motion to correct his sentence pursuant to 18 U.S.C. § 3582(c)(2) and/or a petition for certificate of appealability relying on United States v. Booker, __ U.S. __, 125 S. Ct. 738 (Jan. 12, 2005). (Docket No. 17.) After the United States filed a motion seeking summary dismissal (Docket No. 18)-- noting that, among other things, that Robinson's motion was untimely -- Robinson filed a motion to convert the motion to one brought pursuant to 28 U.S.C. § 2255, citing the one-year statute of limitation provision ¶ (6)(4). I now **GRANT** Robinson's motion to convert as, after reviewing the Government's arguments in its motion to dismiss as well as its response to his motion to convert, Robinson has

made it clear that this conversion is his druthers, see Castro v. United States, 540 U.S. 375, 381-84 (2003); id. at 387-88 (Scalia, J., concurring in part and concurring in judgment).

The First Circuit now has precedent that supports a non-retroactivity determination apropos Booker claims. See United States v. Fraser, 407 F.3d 9, 11 (1st Cir. 2005) ("This court has held that petitions under 28 U.S.C. § 2255 are unavailable to advance Booker claims in the absence of a Supreme Court decision rendering Booker retroactive," citing Cirilo-Muñoz); Cirilo-Muñoz v. United States, 404 F.3d 527, 532-33 (1st Cir.2005) (recognizing a consensus that Booker is not retroactive to cases no longer in the direct appeal pipeline). And, to date, all other Circuit Courts of Appeal that have considered and answered the question in published opinions are unanimous in concluding that Booker does not apply retroactively to cases so postured. See Never Misses A Shot v. United States, 413 F.3d 781 (8th Cir. 2005); United States v. Bellamy, 411 F.3d 1182, 1186-88 (10th Cir. 2005); Lloyd v. United States, 407 F.3d 608 (3d Cir. 2005); Guzman v. United States, 404 F.3d 139 (2d Cir. 2005); Varela v. United States, 400 F.3d 864 (11th Cir. 2005); Humphress v. United States, 398 F.3d 855, 860-63 (6th Cir. 2005); McReynolds v. United States, 397 F.3d 479 (7th Cir. 2005); see also United States v. Leonard, 2005 WL 139183, at *2 (10th Cir. Jan.24, 2005) (unpublished opinion on motion to review sentence). Certainly, there is no dispute in this district that 28 U.S.C. § 2255 Booker relief is not available to cases that have finished or forgone the direct appeals process. See Violette v. United States, 365 F. Supp. 2d 2, 5-6 (D. Me.2005) (Singal, C.J.); Gerrish v. United States, 353 F. Supp. 2d 95 (D. Me. 2005) (Hornby, J.); Suveges v. United States, Civ. No. 05-18-P-C, 2005 WL 226221, *1 (D.Me. Jan 28,

2005) (Kravchuk, Mag. J.) affirmed Order Adopting Report and Recommended Decision, Feb. 21, 2005 (Docket No. 5) (Carter, J.); Quirion v. United States, Civ. No. 05-06-B-W, 2005 WL 83832, 3 (D.Me. Jan. 14, 2005) (Kravchuk, Mag. J.) affirmed Civ. No. 05-06 – B-W, 2005 WL 226223 (D. Me. Feb. 1, 2005) (Woodcock, J.).  To the extent that Robinson attempts to avoid this nonretroactivity consensus by bringing his motion under § 2255 ¶ 6(4) as opposed to ¶ 6(3), I am confident that Booker is not a "fact" within the meaning of that subsection.[1]  Accordingly, I recommend that the Court **DENY** Robinson 28 U.S.C. § 2255 relief.

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

August 5, 2005.

/s/ Margaret J. Kravchuk
Margaret J. Kravchuk
U.S. Magistrate Judge

---

[1] Robinson also cites to Johnson v. United States, __ U.S. __, 125 S. Ct. 1571 (2005), but its holding vis-à-vis the vacatur of prior state convictions renewing the § 2255 one-year limitation period is inapposite to Robinson's argument, which is not that his prior state conviction was invalid but that the 'firearm' in his possession was a firearm component and not a firearm within the meaning of 18 U.S.C. § 922(g)(1).